R. M. KIMBALL *v.* JOSEPH H. EVANS AND GEO. W. JENNESS, TR.

*Trustee Process. Assignee.* R. L. Ch. 94, s. 1890.

The avails of property conveyed to the trustee by an insolvent debtor to be divided *pro rata* among all his creditors, except the plaintiff, may be taken on trustee process,—R. L. s. 1890,—if the assignment is not valid under the statute,—R. L. c. 94.

TRUSTEE PROCESS. The question of the trustee's liability was heard at September Term, 1884, POWERS, J., presiding. Trustee held chargeable. The agreement entered into by Evans and his creditors, August 7, 1883, was as follows:

" Know all men that I, Joseph H. Evans, of the one part, and all of the creditors of the said Evans, of the other part, hereby agree to the following, viz.: The said Joseph H. Evans agrees to turn all his property, both personal and real, over to such person as his creditors shall designate, for the use of his creditors; and his creditors, having chosen Geo. W. Jenness such assignee, the said Evans agrees to turn all his property over to the said Jenness; and the undersigned creditors of the said Evans hereby agree to have the said Jenness dispose of the property of the said Evans, both real and personal, and divide the proceeds thereof among the said creditors of the said Evans in proportion to their several claims, the amount of which is to be settled by a committee of the creditors of said Evans, consisting of * * * in case of dispute arising as to the amount due to any creditor. The said creditors agree that their assignee as above shall allow to the said Evans the same amount of property for his own use as would be his allowance under the United States Bankrupt Law; and they further agree to receive in full payment of their claims against the said Evans, the per centum to which they may be entitled according to their claim, the same as though the said Evans were to go through bankruptcy."

*Grout & Miles*, for the trustee.

The contract of August 7, 1875, and the conveyance to this trustee, of August 24, 1875, are parts of one and the same contract, and taken together constitute a conveyance to the creditors in full settlement of their claims against the said Evans. It was a common law assignment for the benefit of creditors, but not an assignment within the scope of the statute. It was an absolute transfer of the property to the trustee. *Peck & Co.* v. *Merrill & Tr.* 26 Vt. 686; *Farr* v. *Brackett*, 30 Vt. 344; *Stanley* v. *Robbins*, 36 Vt. 422; *Meredith Man'f'g Co.* v. *Smith*, 8 N. H. 347; *Baker* v. *Hall*, 13 N. H. 298; *Henshaw* v. *Sumner*, 23 Pick. 446; *Noyes* v. *Brown*, 33 Vt. 431; *McGregor* v. *Chase*, 37 Vt. 225; *Claflin* v. *Kimball and Tr.* 52 Vt. 6.

*Edwards, Dickerman & Young*, for the plaintiff.

All assignments to a trustee for the benefit of creditors must be made and proceeded with in detail, according to the provisions of the statute, or they will be inoperative against the creditors of the assignor. But there is no claim that the assignment made by Evans was "accompanied with a full inventory," etc.,—R. L. s. 1887; or that any copy of the assignment was filed in the county clerk's office,—R. L. s. 1888; or that the assignee ever executed to the Probate Court a bond,—R. L. s. 1889. *Vail* v. *Peck & Co.* 27 Vt. 764; *Moore* v. *Smith*, 35 Vt. 644; *Mussey* v. *Noyes*, 26 Vt. 472; *Bishop, Smith & Co.* v. *Hart & Tr.*, 28 Vt. 72; Burr. Assign. 88, 89 ; *Bank* v. *Strong*, 42 Vt. 295; *Stanley* v. *Robbins*, 36 Vt. 422.

The opinion of the court was delivered by

ROYCE, Ch. J. The question presented is as to the liability of the trustee. The funds in his possession at the time of the service of this writ upon him were the avails of certain property which came into his hands under the agreement executed August 7, 1883. At the time of the

execution of this agreement, the principal defendant had become embarrassed in his financial affairs, and it is made obvious by an inspection of the agreement and the facts disclosed by the trustee, that the purpose and intention of the parties to it was that the debtor should convey all of his property, with certain exceptions, to the trustee for the benefit of his creditors; the property to be disposed of by the trustee, and the avails divided *pro rata* among his creditors.

The debtor and all of his creditors known to the trustee, except the plaintiff, were parties to the agreement. The debtor conveyed such of his property as he was required to do by the agreement, to the trustee, and he disposed of the same, and before the service of this writ upon him, had paid part of the creditors their *pro rata* share and was then intending to pay the rest.

The plaintiff claims that as he was not a party to said agreement, he was not bound by it, and that the arrangement made was, in legal effect, an assignment for the benefit of the creditors named in the agreement, and was as to him void, under chap. 94 R. L.; and the property conveyed and its avails were left subject to attachment.

It is not claimed that the requirements of that chapter relating to assignments were so observed as to make it a valid assignment under that statute. If the arrangement that was made is to be treated in law as an assignment for the benefit of the creditors named by sec. 1890, the property assigned was liable to the trustee process and attachment, and execution at the suit of the creditors of the assignee, as if no assignment had been made.

We are unable to give any other definition to the agreement that is made a part of the disclosure than that of an assignment. We have alluded to what the intention of the parties to it was, and we think that intention is well evidenced by the language used. It then being in legal signification, an assignment for the benefit of the creditors named, it was void as to the plaintiff.

It is not deemed necessary to notice the cases that have been referred to by the learned counsel any further than to remark that, upon examination, it will be found that none of them conflict with the views here expressed.

The judgment is affirmed.